IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

HILDA M. PADILLA-PEREZ [6],

Defendant.

CRIMINAL NO. 11-009 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Hilda M. Padilla-Pérez was charged in Counts One and Four of an Indictment and she agreed to plead guilty to Count One of the Indictment. Count One charges that, beginning in or about August 9, 2009, and continuing up to on or about December 7, 2010, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants herein, did knowingly and intentionally, combine, conspire and agree with each other and diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit, Oxycodone, a Schedule II Controlled Substance; within one thousand (1,000) feet of the real property comprising a public housing project, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860; all in violation of Title 21, United States Code, Section 846.

On May 12, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Superseding Indictment, upon being advised of her right to have said proceedings before a

district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Ramón García-García, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Cuyar-Olivo, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of at least three (3) years, all pursuant to Title 21, United States Code, §§ 841(b)(1)(C). In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that set forth by 21 USC, Section 841(a)(1)(C), and at least twice the term of supervised release.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00).

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document

United States of America v. Hilda M. Padilla-Pérez [6]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 4

entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) and (C) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

Pursuant to paragraph number Six (6) of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant Eduardo J. Espada-Colón, understands that the parties have agreed to recommend to the Court that a term of imprisonment of 18 months is the appropriate disposition of this case. The defendant understands that the Court may either accept or reject this sentencing recommendation range, as more specifically described below:

(a) Should the Court accept the sentencing recommendation, the Court would sentence the defendant to any term of imprisonment within the agreed upon sentencing range;

(b) Should the Court reject the sentencing recommendation, the Court would allow the defendant an opportunity to withdraw defendant's guilty plea. In this event, should the defendant not withdraw the guilty plea, then the Court could dispose of the case less favorably toward the defendant than the plea agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

U.S.S.G. §2D1.1(c)(12)(at least 10 kilograms, but less than 20 kilograms of marihuana) is one of Sixteen (16).[3] Pursuant to U.S.S.G. § 2D1.2(a)(1), an increase of two (2) levels is agreed for possession with intent to distribute in a protected location. Pursuant to U.S.S.G. § 3E1.1(a) and (b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Fifteen (15), yielding an imprisonment range of Eighteen (18) to Twenty-Four (24) months if the Criminal History Category is I.

The parties agree and recommend to the Court that the appropriate disposition of this case is a sentence of imprisonment of eighteen (18) months. The parties further agree that any recommendation by any party for a term of imprisonment outside the stipulated sentencing term constitutes a material breach of the plea agreement.

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Should defendant be sentenced to the stipulated term of imprisonment, the United States will move to dismiss all the remaining counts in the indictment against the defendant at the sentencing hearing.

---

[3] For purposes of this plea agreement, the parties have stipulated the amount of Oxycodone possessed and/or distributed by defendant [5] Yamil López-Pérez to be equivalent to 12.6 kilograms of marihuana, pursuant to the conversion guidelines set forth by the U.S.S.G. at § 2D1.1.

United States of America v. Hilda M. Padilla-Pérez [6]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 6

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days

United States of America v. Hilda M. Padilla-Pérez [6]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 7

of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because she is aware of its content. Defendant was shown a written document entitled "Statement of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed himself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal Case No. 11-009 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal Case No. 11-009 (DRD).

United States of America v. Hilda M. Padilla-Pérez [6]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for September 9, 2011 at 9:30 a.m., before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 12th day of May of 2011.

                                         s/ CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES MAGISTRATE JUDGE